UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| WILLIAM JOSEPH TAYLOR, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No.  2:25-CV-107-DCLC-CRW |
| BRANDON COLE and DALTON TAYLOR, | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Plaintiff, a Sullivan County Detention Center inmate, filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of various 2018 incidents [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 5], and a motion for relief regarding his mail [Doc. 4]. For the reasons set forth below, Plaintiff's motion to for leave to proceed *in forma pauperis* [Doc. 5] will be **GRANTED**, and this action will be **DISMISSED** because Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983. Accordingly, Plaintiff's motion regarding his mail [Doc. 4] will be **DENIED as moot**.

### I.    FILING FEE

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he cannot pay the filing fee in a lump sum. Accordingly, this motion [*Id.*] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee, 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-

month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.     Allegations**

Plaintiff alleges that on December 27, 2018, while his brother was confined in the Sullivan County Jail, Plaintiff and his parents arrived at the jail for a scheduled video visit with his brother [Doc. 1, p. 4]. But after Plaintiff could not produce a pin number that a jail official stated was required to commence the visit, Plaintiff stated, "Ain't this some bull crap" to the jail official, and he repeated this statement after the jail official asked him what he had said [*Id.*]. The jail official told Plaintiff he had to leave the premises, at which point Plaintiff went to the visitation area to tell his parents that the visitation would not occur and that he had to leave [*Id.*].

Defendants Cole and Taylor and other officers then approached Plaintiff in the visitation area, and Defendant Cole stated he wanted to speak with Plaintiff [*Id.*]. Plaintiff asked if he was under arrest, and Defendant Cole responded that he was not, but officers nevertheless stopped Plaintiff when he attempted to walk out to the parking lot [*Id.* at 4–5]. Plaintiff again asked if he was under arrest, to which Defendant Cole responded he was not, but officers still followed Plaintiff to the parking area before pinning Plaintiff against Defendant Cole's car and stating that he "could have done it the easy way" and "should have just talked to them" [*Id.* at 5]. Plaintiff asked if he had committed a crime, and Defendant Cole stated that he had not [*Id.*]. Plaintiff stated

3

that he did not have to speak to the officers and attempted to walk away, but officers pushed him up against a car [*Id.*]. Plaintiff once again if he was under arrest, and Defendant Cole said no [*Id.*].

Plaintiff next asked how the officers would feel if he disrespected them [*Id.*]. Defendant Taylor asked how Plaintiff could do that, and Plaintiff "extended both of [his] middle fingers" [*Id.*]. Defendant Cole told Plaintiff to put his fingers down, but Plaintiff stated that having his fingers up was protected speech and refused to put them down [*Id.*]. Defendant Cole therefore ordered Defendant Taylor "to light [Plaintiff] up," at which point Defendant Taylor punched Plaintiff approximately four times [*Id.* at 5]. Plaintiff was then arrested for disorderly conduct and resisting arrest, and these charges are still pending [*Id.*].

On June 20, 2025, Plaintiff filed this suit against Defendants for the acts occurring on December 27, 2018 [Doc. 1]. Plaintiff characterizes Defendants Cole and Taylor's actions in this incident as violations of his First Amendment rights, retaliation, and unreasonable seizure [*Id.* at 6]. Plaintiff has sued Defendants Cole and Taylor in their individual capacities and appears to seek monetary damages, though this is somewhat unclear [*Id.* at 7].

**C.     Analysis**

Tennessee's one-year statute of limitations applies to Plaintiff's claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (noting that federal district courts apply a state's statute of limitations to § 1983 claims); Tenn. Code Ann. § 28-3-104(a)(1)(B) (setting forth one-year statute of limitations for § 1983 claims). Federal law governs when the statute begins to run. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable, *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir.

1984)), or when the cause of action is complete, *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule is that the limitations period starts "when the plaintiff has a complete and present cause of action") (citation omitted).

As it is apparent from the face of the complaint that Plaintiff could have raised all of the claims he has brought herein more than a year before he filed this action, they are untimely. As such, this action will be **DISMISSED**, and Plaintiff's motion regarding his mail [Doc. 4] will be **DENIED as moot**.[1]

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

---

[1] Plaintiff's motion regarding his mail alleges that Sullivan County Detention Center officers have opened his legal mail on several occasions [Doc. 4, p. 1–2]. Notably, Plaintiff does not seek to amend his complaint to add claims based on these incidents in this motion [*Id.*]. But even if Plaintiff had sought to amend his complaint to add a claim arising out of jail officers opening his legal mail, Plaintiff does not allege that any Defendant named in his complaint was involved in the recent mail incidents. Accordingly, Plaintiff's mail claim therefore would not be properly joined in this action, as Rule 20 of the Federal Rules of Civil Procedure does not permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner."); *Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *6 (S.D. Ohio, Sept. 9, 2022) (severing unrelated claims a prisoner plaintiff filed in the same complaint against different defendants) (citations omitted); *White v. Newcomb*, No. 2:21-CV-249, 2022 WL 2763305, at *4–5 (W.D. Mich. July 15, 2022) (providing that a plaintiff cannot join claims against multiple defendants in one lawsuit "'unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact'" (quoting *Proctor v Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) and collecting cases standing for the proposition that prisoners cannot join unrelated claims against different defendants in a single lawsuit)).

3. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

5. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

6. Plaintiff's motion regarding his mail [Doc. 4] is **DENIED as moot**; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/Clifton L. Corker
United States District Judge

6

Case 2:25-cv-00107-DCLC-CRW   Document 7   Filed 07/29/25   Page 6 of 6   PageID #: 29